UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL MORROW, et al., | Case No.: CV 12-700 DSF (RZx) |
| Plaintiffs, | |
| | PRELIMINARY INJUNCTION |
| vs. | |
| UNITED STATES PAROLE COMMISSION, et al., | |
| Defendants. | |

Having considered the papers filed in support of and in opposition to Plaintiffs' Motion for Preliminary Injunction, and the arguments of counsel, the Court finds and orders as follows:

1. Plaintiffs are likely to succeed on their claim that Defendants United States Parole Commission, the United States of America, Isaac Fulwood, Jr. in his official capacity, Cranston J. Mitchell in his official capacity, Patricia K. Cushwa in her official capacity, and J.

Patricia Wilson Smoot in her official capacity, have violated and, absent preliminary injunctive relief, are likely to continue to violate, the Parole Commission and Reorganization Act, 18 U.S.C. § 4206 (1976) ("Act"), by unlawfully passing 28 C.F.R. § 2.25, and deciding to apply that regulation to conduct Plaintiffs' next parole hearing in March 2012, by video conference.

2. Plaintiffs have demonstrated that they are likely to suffer irreparable harm in the absence of preliminary relief.

3. Plaintiffs have demonstrated that the balance of equities tips sharply in their favor.

4. Plaintiffs have demonstrated that a preliminary injunction is in the public interest.

IT IS THEREFORE ORDERED THAT Plaintiffs' request for preliminary injunction is GRANTED.

IT IS FURTHER ORDERED that Defendants United States Parole Commission, the United States of America, Isaac Fulwood, Jr. in his official capacity, Cranston J. Mitchell in his official capacity, Patricia K. Cushwa in her official capacity, and J. Patricia Wilson Smoot in her official capacity, and their agents, servants, employees, and those in active concert or participation with them (collectively "Defendants"), are restrained and enjoined pending trial of this

action from violating the terms of the Act requiring "in person" appearances at Plaintiffs' parole hearings.

IT IS FURTHER ORDERED THAT Plaintiffs do not have to post a bond given the lack of financial hardship to the Defendants from preliminary injunctive relief, and the fact that Plaintiffs are individuals, while the real party in interest Defendants are governmental agencies.

This order is stayed until April 3, 2012, to allow the Defendants to seek a stay from the Ninth Circuit. In the absence of a stay, Defendants are ordered to schedule the parole hearings for Plaintiffs at the earliest reasonable time.

IT IS SO ORDERED.

Dated: 3/2012 _____
Dale S. Fischer
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28